MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
*150 In my opinion, the permanent partial benefit award of $146.50 per week for 250 weeks is, at best, premature, and is based on a flawed computation methodology.
The record discloses that the claimant was injured on October 28, 1985, when he lost control of his car, received emergency medical treatment consisting of a muscle relaxant and a pain medication, was released from the hospital the same date, returned to work the following day, has had no wage loss, and has increased his gross wage income each year from $56,318.30 in 1985 to $68,000 in 1987.
The Workers’ Compensation Court Judge, in his Findings and Conclusions of Law, included the following:
“The Court finds that the medical testimony and credible vocational evidence indicates that Mr. Hartman has a potential loss of future earning capacity . . .
“This testimony clearly indicates that claimant is going to have to make a change in his employment if he ever expects to be relieved of some of his pain and symptoms.
“The question, then, is: Can claimant make a change in his employment without experiencing a decline in his income? . . .
“Given the above facts, this Court finds that should claimant leave his current employment, it is likely that it would be for a position paying $36,000.00 a year, or approximately 50 percent of his 1987 income of $68,000.00. Furthermore, this Court holds that fifty percent is an appropriate disability factor on which to base claimant’s benefits for potential loss of earning capacity. In applying this figure, claimant is entitled to 250 weeks of permanent partial disability benefits at a weekly rate of $146.50. These benefits are to be paid from the date of claimant’s industrial accident. (Emphasis added.)
In my opinion, based on the deposition testimony, uncontroverted facts and pertinent statutes, the above quoted excerpts from the Findings and Conclusions are not legally supportable.
The medical record, in deposition form, is replete with references to the failure of the claimant to comply with the medically recommended exercise regime, which was based upon the knowledge that claimant would be driving long distances and working long hours during his four day work week. Testimony at trial indicated that claimant had six to eight weeks of paid sick leave available to him which he did not utilize for physical therapy purposes. Further, evi *151 dence disclosed that claimant took extended vacations to Seattle, Washington and Edmonton, Canada by motor vehicle when less strenuous activity might have aided his recovery. I find erroneous the court’s conclusion that “Claimant is going to have to make a change in his employment if he ever expects to be relieved of some of his pain and symptoms.”
Regarding the possible change of jobs in the future, the claimant stated: “I’m just trying to delay it until my very expensive teenagers get out of the home, and then I’m going to do something else.”
The claimant having remained on the job for the past three years, with increased earnings each year, and with the possibility of the claimant remaining in that same position for the next several years, it could only be through conjecture and speculation that the court found a fifty percent disability factor “on which to base claimant’s benefits for potential loss of earning capacity.”
It is therefore my opinion that the award is premature and, as the court correctly stated: “Should claimant experience an actual diminution of his income for which he has not been compensated, he may withdraw his Section 705 election in favor of Section 703, for loss of actual wages.”
MR. CHIEF JUSTICE TURNAGE concurs in the foregoing dissent of MR. JUSTICE GULBRANDSON.